IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ABDUL WILLIAMS, JR.,**

    **Plaintiff,**

    v.                                                                                    **CASE NO. 25-3161-JWL**

**(FNU) ARCHEVEDO, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently incarcerated at Butner-FCI in Butner, North Carolina, his claims are based on incidents occurring during his incarceration at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). On September 30, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until October 30, 2025, in which to show good cause why this matter should not be dismissed for failure to state a claim. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations are set forth in detail in the MOSC. In summary, Plaintiff alleges that he fought with a Correctional Officer ("CO") at FCIL, and a few weeks later Plaintiff reported it to the Captain at FCIL. An SIA officer asked Plaintiff about the incident and Plaintiff told him everything he needed to know. As Plaintiff was escorted back to his cell, another CO asked Plaintiff what he had told the SIA officer. After that, Plaintiff thought something was wrong with his food tray and requested a replacement. Although an orderly brought another tray and placed it in front of Plaintiff's cell, the CO refused to give Plaintiff the tray and Plaintiff was not

1

fed until the next day. Plaintiff alleges that he is diabetic and could not get out of bed the next day and a nurse had to give him a tablet.

The Court found in the MOSC that Plaintiff has not shown that a *Bivens* remedy is available for his claims.[1] The Tenth Circuit has noted that the Supreme Court "is on course to treating *Bivens* as a relic of the 20th century" and that "[t]his development has been gradual, but relentless." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024), *rehr'g denied* (Apr. 5, 2024). The Tenth Circuit in *Logsdon* found that the Supreme Court has stated "that the ultimate question to ask when determining whether the courts should recognize a *Bivens* cause of action not created by Congress is ordinarily only 'whether there is any reason to think that Congress might be better equipped to create a damages remedy' . . . [a]nd the circumstances in which the answer to the question is 'no' appears to comprise a null set." *Id.* (citation omitted.)

The Tenth Circuit in *Logsdon* found that "[a] second independent ground for not recognizing a *Bivens* action . . . is that the availability of alternative remedies for misconduct . . . suggests that this court should not be the institution to create a remedy." *Id.* at 1359. "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* (quoting *Egbert*, 596 U.S. at 493). In *Silva*, the Tenth Circuit held that the Bureau of Prison's Administrative Remedy Program "ARP" was adequate. *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (finding that the key takeaway from *Egbert* is "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs' ") (citation omitted); *see also Noe v. United States Gov't*, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023)

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2

("We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva* . . . the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two.").

The Court found in the MOSC that Plaintiff has not shown that a *Bivens* remedy is available, and he fails to state which of his constitutional rights were allegedly violated. The Court ordered Plaintiff to show good cause why his claims should not be dismissed for failure to state a claim. The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 7, at 8.) Plaintiff has failed to respond by the deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated November 3, 2025, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
