IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABDUL WILLIAMS, JR.,

    **Plaintiff,**

    v.                          CASE NO. 25-3161-JWL

(FNU) ARCHEVEDO, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently incarcerated at Butner-FCI in Butner, North Carolina, his claims are based on incidents occurring during his incarceration at FCI-Leavenworth in Leavenworth, Kansas. On September 30, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until October 30, 2025, in which to show good cause why this matter should not be dismissed for failure to state a claim. Plaintiff failed to respond by the Court's deadline, and on November 3, 2025, the Court entered a Memorandum and Order (Doc. 8) ("M&O") dismissing this matter for failure to state a claim. After the Court entered the M&O, the Court received Plaintiff's Motion for Extension of Time (Doc. 10).

Plaintiff seeks an extension of time to respond to the MOSC, claiming he has been on lockdown and will not be able to go to the law library for a couple of weeks. (Doc. 10, at 1.) Plaintiff seeks a 60-day extension of time "to have everything ready to proceed under Bivens." *Id*. Plaintiff also asks the Court to appoint counsel because he does not know about the law and how it operates. *Id*.

1

The Court denies Plaintiff's request for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments. More importantly, Plaintiff has

failed to assert a colorable claim against a named defendant and this case has been dismissed for failure to state a claim. The Court denies Plaintiff's request for appointment of counsel.

The Court received Plaintiff's request for an extension of time after this case was dismissed.[1] Plaintiff seeks additional time to assert a *Bivens* claim. However, the Court's MOSC set forth in detail why Plaintiff does not have a cause of action under *Bivens*. Therefore, an extension of time to assert such a claim would be futile. Plaintiff has not shown that reopening this case and granting an extension of time to respond to the MOSC is warranted. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Extension of Time (Doc. 10) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated November 4, 2025, in Kansas City, Kansas.**

                                      **S/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff's motion shows that the facility processed it on October 28, 2025, and mailed it on October 30, 2025. (Doc. 10–1, at 1–2.) The Court's Local Rules provide that a motion for an extension of time "must be filed as soon as practicable and in no event less than 3 days before the specified time." D. Kan. Rule 6.1(a). Even if the Court considers the motion as timely-filed, it does not warrant reopening this case.